**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas and Jennifer Griggs, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona; Oasis Adoption Services, Inc.; Catherine Braman; Sarah L. Pedrazza; Denise Chen; Victoria Palko and David Palko; Patricia Allen,<br><br>Defendants. | No. CV-12-02257-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: Plaintiffs' Motion to Amend/Correct Complaint (Doc. 35) and Plaintiffs' Motion to Remand to State Court (Doc. 33). The Court now rules on the Motions.

On October 22, 2012, Plaintiffs filed a complaint in Maricopa County Superior Court against the State of Arizona, the Arizona Department of Economic Security, Arizona Child Protective Services, Oasis Adoption Services, Inc., Catherine Braman and John Doe Braman, Sarah L. Pedrazza and John Doe Pedrazza, Denise Chen and John Doe Chen, Victoria Palko and John Doe Palko, and Patricia Allen and John Doe Allen. (Doc. 1-1 at 6). The same day, Defendant State of Arizona removed the case to this Court. (Doc. 1).

On November 19, 2012, Plaintiffs filed an Amended Complaint (Doc. 14).

Thereafter, Defendants State of Arizona, Denise Chen, Victoria and David Palko, and Patricia Allen (collectively, the "State Defendants") moved to dismiss the complaint. The Court granted the Motion to Dismiss and dismissed the State Defendants. (Doc. 30).

Plaintiffs now move to amend their complaint and move to remand this case to State Court. Both motions are unopposed by the remaining Defendants.

Plaintiffs move to amend their complaint to "comport with this Court's ruling of April 10, 2013, that dismissed all claims against the State of Arizona." (Doc. 35). None of the remaining Defendants oppose the amendment. Indeed, the proposed First Amended Complaint solely removes the claims against the dismissed Defendants. (Doc. 35-1). Plaintiffs' Motion to Amend is granted. Plaintiffs shall file a non-redlined copy of their First Amended Complaint, currently lodged at Doc. 35-1, within 5 days of the date of this Order.

The only remaining claims in Plaintiffs' Complaint are state law claims of abuse of process, negligence, and infliction of emotional distress. Plaintiffs argue that the Court should remand the state law claims because there are no longer any pending federal claims. The remaining Defendants did not file a response to the Motion to Remand, which the Court considers consent to granting the Motion to Remand. *See* LRCiv 7.2(i).

Because only state law claims remain, the Court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *see* 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent claims to state court[.]" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see also* 28 U.S.C. § 1447(c). Such claims are better litigated in state court. *See Carnegie–Mellon*, 484 U.S. at 350, n.7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because this case is at an early stage, the Court will not exercise supplemental jurisdiction over the remaining state law claims and instead will remand this action to state court. *See id.* at 351–52.

1  Based on the foregoing,

2  **IT IS ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint (Doc. 35)
3  is granted.  Plaintiffs shall file a non-redlined copy of their First Amended Complaint,
4  currently lodged at Doc. 35-1, within 5 days of the date of this Order.

5  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand to State Court
6  (Doc. 33) is granted.  After Plaintiffs file a non-redlined copy of their First Amended
7  Complaint, the Clerk of the Court shall remand this case to Maricopa County Superior
8  Court.

9  Dated this 4th day of September, 2013.

James A. Teilborg
Senior United States District Judge